IN THE UNITED STATED DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LAURIE MARTIN, | ) |
|       Plaintiff, | ) |
| vs. | ) No.: |
| CORTEVA AGRISCIENCE | ) |
|       Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Laurie Martin, by and through her attorneys, O'Brien & Marquard, P.L.C., and pursuant to Title VII of the Civil Rights Act of 1964 and its amendments brings this gender discrimination and retaliation claim against Defendant, Corteva Agriscience, and alleges as follows:

**NATURE OF THE CASE**

1. This is an action for gender discrimination and retaliation brought under Title VII of the Civil Rights Act of 1964.

2. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Rock Island Division of the Central District of Illinois under 28 U.S.C. § 1391 because the discriminatory acts occurred in Henry County, Illinois.

**THE PARTIES**

4. Plaintiff, Laurie Martin, worked for Defendant, Corteva Agriscience, ("Corteva") or its corporate predecessors, from October 8, 2012 until Defendant fired her on November 15, 2019.

5. Corteva is a Delaware corporation with its principal place of business in Indiana.

6. Corteva operates a commercial corn and soybean production facility in Woodhull, Henry County, Illinois.

7. Corteva employs over 15 people at the facility in Woodhull.

8. Corteva is an employer as defined in 42 U.S.C. §12111.

**COMMON ALLEGATIONS OF FACT**

9. Ms. Martin worked as the Administrative Supervisor at Corteva's Woodhull facility ("Woodhull").

10. Ms. Martin is a woman.

11. Ms. Martin was the only female manager at Woodhull.

12. Ms. Martin's supervisor, Chad Goad, gave her a "Successful Performance" rating in December 2018.

13. In 2017, Ms. Martin's supervisor gave her a "Consistent Exceptional Performance" rating on her employee evaluation.

14. In 2016, Ms. Martin's supervisor gave her a "Consistent Exceptional Performance" rating on her employee evaluation.

15. In 2015, Ms. Martin's supervisor gave her a "Consistent Exceptional Performance" rating on her employee evaluation.

16. In 2014, Ms. Martin's supervisor gave her a "Successful Performance" rating on her employee evaluation.

17. In 2014, two of Ms. Martin's employees were placed on performance improvement plans, and those performance impacted Ms. Martin's employee evaluation.

18. Male supervisors and manager's employee evaluations were not impacted by their employees' performances.

19. In early July 2019, Defendant placed Ms. Martin on administrative leave to investigate whether she violated the conflict of interest policy.

20. Male managers who were investigated for possibly violating the conflict of interest policy were not placed on administrative leave.

21. On July 29, 2019, Woodhull provided Ms. Martin a written warning about her performance.

22. The written warning stated that those who worked with and around Ms. Martin described her behaviors as "intimidating, aggressive, dismissive, and controlling."

23. As a result of this warning, Defendant told Ms. Martin it expected the following behaviors:

- You are to model respectful treatment toward colleagues and staff.
- Work through issues in a professional, courteous, and respectful manner. Refrain from making any comments that could be perceived as inappropriate or disrespectful.
- Work Collaboratively with other to establish and maintain positive working relationships.
- Exhibit and foster an health team environment. Lead by example and be fully engaged and supportive of other team members.
- I also expect that you will not take any retaliatory action against other as a result of this action.

24. After this written warning, Ms. Martin was scheduling to meet for coaching sessions with Pete Widolff, the former Woodhull Plant Manager.

25. Defendant accused Ms. Martin and Mr. Widolff of having an unprofessional relationship, so it discontinued coaching sessions.

26. Ms. Martin and Mr. Widolff did not have an unprofessional relationship.

27. Male supervisor and managers were allowed to yell and scream at employees without receiving a similar warning.

28. Male managers and supervisors

29. Male managers who were put on a performance improvement plan were not required to have weekly meetings with supervisor,

30. On or around October 24, 2019, Defendant instructed Ms. Martin she was no longer allowed to handle or process employee's medical paperwork

31. On or around November 1, 2019, Ms. Martin complaint to Jake Hunt, Woodhull Plant Manager, that she was treated differently because of her sex.

32. On November 15, 2019, Defendant, acting through Mr. Hunt, terminated Ms. Martin's employment.

33. Defendant stated they fired Ms. Martin because she failed to meet the reasonable performance expectations of the July 29, 2019 written warning.

34. Another of the reasons why Defendant fired Ms. Martin is because she did not process an employee's medical paperwork.

35. On February 24, Ms. Martin filed a sex discrimination and retaliation complaint with the Illinois Department of Human Rights.

36. The IDHR cross-filed Ms. Martin's complaint with the EEOC.

37. On September 20, 2021, the EEOC issued Ms. Martin's Right-to-Sue letter.

38. Ms. Martin received her copy of the EEOC's Right-to-Sue letter on September 24, 2021.

39. Ms. Martin exhausted the administrative requirements for this action.

### COUNT I – GENDER DISCRIMINATION

40. Ms. Martin restates and re-alleges Paragraphs 1 through 39 as if fully set forth herein.

41. Defendant treated Ms. Martin differently than similarly-situated male employees, including but not limited to the following behaviors: treating her differently with regards to her performance reviews, placing her on administrative leave, giving her a written warning for her behavior, in its expectations for her behavior, and in terminating her employment.

42. Defendant's discriminatory actions altered the conditions of Ms. Martin's employment.

43. Defendant's actions violated Title VII of the Civil Rights Act of 1964.

44. Ms. Martin is entitled to and seeks recovery of compensatory damages, reinstatement, back pay, attorney's fees, costs, interest, punitive damages, and any such other damages as this Court deems necessary to make her whole.

## COUNT II – RETALIATION

45. Ms. Martin restates and re-alleges Paragraphs 1 through 44 as if fully set forth herein.

46. Ms. Martin complained to her supervisor, Plant Manager Jake Hunt, that she felt she was treated differently because of her sex, female, on November 1, 2019.

47. On November 15, 2019, Mr. Hunt fired Ms. Martin.

48. Defendant's actions violated Title VII of the Civil Rights Act of 1964.

49. Ms. Martin is entitled to and seeks recovery of compensatory damages, reinstatement, back pay, attorney's fees, costs, interest, punitive damages, and any such other damages as this Court deems necessary to make her whole.

## JURY DEMAND

Ms. Martin demand a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ms. Martin hereby requests this Court enter judgment in her favor and against Defendants for compensatory damages, reinstatement, back pay, attorney's fees, costs, interest, punitive damages, and any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

Dated:  December 20, 2021          Respectfully submitted,

*/S/Kelsey A. W. Marquard*
Kelsey A. W. Marquard, ARDC 6311205
O'Brien & Marquard, P.L.C.
2322 East Kimberly Road, Suite 140S
Davenport, Iowa 52807
563-355-6060 Telephone
563-355-6666 Facsimile
kawm@emprights.com  Email

ATTORNEY FOR PLAINTIFF